**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 08 2013, 5:31 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**MICKEY L. WHITLOCK**
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICKEY L. WHITLOCK, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 79A02-1210-CR-850 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE TIPPECANOE CIRCUIT COURT
The Honorable Donald L. Daniel, Judge
Cause No. 79C01-0305-FA-3

**August 8, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Petitioner, Mickey L. Whitlock (Whitlock), appeals the trial court's denial of his motion for modification of sentence.

We affirm.

## ISSUES

Whitlock raises two issues on appeal, which we consolidate and restate as the following issue: Whether the trial court abused its discretion when it denied his motion for modification of sentence.

## FACTS AND PROCEDURAL HISTORY

On May 4, 2003, 47-year old Whitlock went to the home of his grandmother, 81-year old Hazel Rousch (Hazel), and step-grandfather, 79-year old Ernest Rousch (Ernest) (jointly, the Rouschs), to ask for money. Whitlock, who had recently lost his job as a manager at the Village Pantry, took duct tape, chains, and a knife with him to his grandparents' house. When his grandparents refused to give him money, Whitlock, who is six feet tall and weighs around 210 pounds, threatened them with the knife and proceeded to bind them with the duct tape and chains.

Whitlock forced Ernest to write checks totaling $7,000.00. Whitlock left his grandparents' in the house while he cashed the checks and used the money to buy himself a Cadillac. Later that evening, Whitlock returned to the house to feed Hazel and Ernest

and give them their medicine. Once again, he bound them with the duct tape and chains and had left them for the night.

At some point, Hazel was able to get to the phone and had called the police. On May 5, 2003, more than twenty-four hours after their first encounter with Whitlock, Lafayette Police Department officers arrived at the Rousch's home around 7:30 p.m. One of the officers noticed that Hazel had a towel wrapped with duct-tape around her wrists. Another officer noticed that Hazel's mouth had been duct taped shut. The officer then found Ernest in a bedroom, where he had been chained, duct-taped, and gagged. Both Hazel and Ernest had bruises on their ankles, wrists, and neck, and Ernest even had some blood on his ankle where Whitlock had cut him with his knife.

Shortly thereafter, the Rouschs were taken to the hospital. The police officers stayed at the Rouschs' house and arrested Whitlock when he returned. Whitlock was charged with sixteen offenses, including fourteen felonies, and two misdemeanors. On May 25, 2004, Whitlock pled guilty to one count of burglary resulting in bodily injury, Class A felony, Ind. Code § 35-43-2-1. During the presentence investigation report interview, Whitlock admitted that he had used the following illegal substances: 1) marijuana one to three times per day for sixteen years and once or twice a week for the past ten years; 2) cocaine four to five times a day for one year; 3) LSD two to three times per year for seven years; and 4) valium or methaqualone daily for five years.

At the sentencing hearing, Ernest testified that Whitlock threatened to cut Ernest's throat or kill both him and Hazel, put them in the trunk of his car, and take them to

3

Tennessee where they would never be found. Whitlock also threatened to put a candle in the living room and turn his grandparents' gas on. Due to Hazel being a heart patient, she began experiencing severe pain and Ernest begged Whitlock to dial 911, but Whitlock refused and told Ernest that nobody was going in or out of the house. Hazel explained that Whitlock is "down right mean and always had been." (Appellant's App. p. 39).

At the close of the sentencing hearing, the trial court orally sentenced Whitlock as follows:

> The fact that you have no criminal record would in some circumstances be a mitigator however here it's clear that you have used illegal drugs on a regular basis for nearly thirty years. And as a result I find no mitigating circumstances. I do find aggravating circumstances in the victim Hazel Rousch was over the age of sixty-five at the time the crime was committed. The victim Ernest Rousch was also over the age of sixty-five. And both of them recommend aggravation of the sentence.

(Appellant's App. p. 40). In the trial court's written sentencing order, the court noted two aggravating factors: the victims of the crime were over the age of 65 and both victims, the grandparents' of Whitlock, recommended aggravation of the sentence. On July 14, 2004, the trial court sentenced Whitlock to forty years with thirty-six years executed and four years in a Tippecanoe County Correction Department Program. On February 27, 2009, this court affirmed Whitlock's sentence.

On August 20, 2012, Whitlock filed a Verified Motion for Modification of Sentence. Pursuant to Ind. Code § 35-38-1-17[1], Whitlock requested that the trial court

---

[1] I.C. § 35-38-1-17(b) states, in pertinent part: "If more than three hundred sixty-five (365) days have elapsed since the convicted person began serving the sentence and after a hearing at which the convicted person is present, the court may reduce or suspend the sentence, subject to the approval of the prosecuting

exercise its discretion to modify his placement to community corrections. Whitlock stated that he "ha[d] demonstrated an exemplary pattern of behavior with rehabilitation and has never received a conduct violation write-up." (Appellant's App. p. 15). Whitlock described the programs he had been involved with during his incarceration, and further asserted that he had strong family support, faith, and a job upon his release. Finally, Whitlock stated that he was remorseful and would never commit another criminal act. Based on the aforementioned representations, Whitlock requested the court order an evaluation and set a modification hearing. The trial court denied the motion without a hearing.

In a motion to correct error, Whitlock argued that the denial of modification was an abuse of discretion. Once again, the trial court denied that motion.

Whitlock now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Whitlock contends that the trial court abused its discretion by denying his motion for modification of his sentence. It is within a trial court's discretion to reduce or suspend a sentence pursuant to Ind. Code § 35-38-1-17. *Catt v. State*, 749 N.E.2d 633, 643 (Ind. Ct. App. 2001). In order for a court to abuse its discretion, the decision must be

---

attorney." Here, there is nothing in the record that indicates that the prosecuting attorney gave approval to the court to reduce or suspend Whitlock's sentence. Further, there is nothing in the record that suggests that the court intended to place Whitlock in a community corrections program, which would allow the court to modify Whitlock's sentence without the approval of the prosecuting attorney.

"clearly against the logic and effect of the facts and circumstances before the court." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007).

Here, Whitlock contends that his record while incarcerated justifies a modification of sentence. The reasons are indicated as follows: 1) demonstrated leadership; 2) educational achievements; 3) an offer of employment upon release into a county community corrections plan; and 4) the fact that he has never received a conduct violation during his time in prison. (Appellant's Br. pp. 4, 7). According to Whitlock, because there is an Indiana Code entitled "Modification of Sentence" this is indicative that reformative actions after conviction should be the basis of making a determination to modify a sentence. Characterizing such behavior as irrefutable evidence that he has been "rehabilitated," Whitlock argues that the trial court abused its discretion by not providing further evaluation and denying his petition. (Appellant's Br. pp. 6-7). However, the mere fact that the process of rehabilitation may have started does not compel a reduction or other modification in sentence. *Catt v. State*, 749 N.E.2d 633, 643 (Ind. Ct. App. 2001).

Further, there are other factors to support Whitlock's continued incarceration at the Department of Correction. As we recognized on direct appeal, Whitlock's crime has serious components:

> [...] with regard to the character of the offender, Whitlock, the father of three teenaged children, has been regularly using illegal substances for more than twenty-six years. With regard to the nature of the offense, Whitlock went to the home of his 81-year-old grandmother and 79-year-old step [-] grandfather with duct tape, chains, and a knife. When his grandparents refused to give him any money, Whitlock bound and gagged them with duct tape and chains. He also

6

threatened to kill them, and when his grandmother began to experience chest pains, Whitlock refused to allow anyone to call 911. Whitlock forced his step-grandfather to write checks totaling $7,000.00 and went out and bought a Cadillac.

The brutality of this crime against his own grandparents cannot be overlooked. Moreover, prior to his conviction, Whitlock had a very serious substance abuse history, including daily abuse of marijuana, cocaine, and prescription drugs. Currently, Whitlock has served less than ten years of his forty-year sentence. Whitlock has not shown that the trial court abused its discretion when it summarily denied his request for modification of sentence.

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion by denying Whitlock's Motion for Modification of Sentence.

Affirmed.

BRADFORD, J. and BROWN, J. concur

7